IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSHMA SODHI,

      Plaintiff,                CIV S-09-604 GEB KJM PS

  vs.

JOHN POTTER

      Defendant.            <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se. Plaintiff has filed an in forma pauperis affidavit in which he states that he is presently employed by the United States Postal Service but has unpaid wages, that he has a bank account with $30,000, stocks worth $20,000 and real estate valued at $395,000.

        Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's assets shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See <u>Alexander v. Carson Adult High Sch.</u>, 9 F.3d 1448 (9th Cir. 1993); <u>California Men's Colony v. Rowland</u>, 939

1

F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994). Plaintiff will therefore be granted twenty days in which to submit the appropriate filing fee to the Clerk of the Court. Plaintiff is cautioned that failure to pay the fee will result in a recommendation that the application to proceed in forma pauperis be denied and the instant action be dismissed without prejudice.

Plaintiff has also requested the appointment of counsel. The court will construe this request as one made for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B). Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982). Plaintiff fails to demonstrate that his financial resources are insufficient to secure counsel. In addition, plaintiff makes no showing regarding his efforts to secure counsel. Upon review of the entire file, the court finds appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, plaintiff shall submit the appropriate filing fee (docket no. 3).

2. Plaintiff's request for appointment of counsel is denied (docket no. 4).

DATED: April 6, 2009.

_____
U.S. MAGISTRATE JUDGE

006 sodhi.den

2